IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01944-BNB

MR. MARION ORNESTUS HARPER, III,

    Plaintiff,

v.

MR. PAUL LEMON, Lemon Tree, Inc.,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Marion Ornestus Harper, III, has filed *pro se* in this action a third amended Complaint (ECF No. 10) for damages claiming that Defendant conspired with law enforcement officials to violate his Fourth Amendment rights in June and July 2012. Mr. Harper has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Harper is asserting are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

    The Court must construe the third amended Complaint liberally because Mr. Harper is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the third amended

Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has consulted its records and finds that Mr. Harper's Fourth Amendment claim in this action is repetitive of a Fourth Amendment claim he is pursuing in another action. *See Harper v. Cortez Police Department*, No. 14-cv-01668-BNB (D. Colo. filed June 16, 2014). Paul Lemon, the only defendant in this action, also is named as a defendant in case number 14-cv-01668-BNB and, like the instant action, Mr. Harper contends in one of his claims in case number 14-cv-01668-BNB that Mr. Lemon conspired with law enforcement officials to violate his Fourth Amendment rights in June and July 2012. Therefore, the instant action will be dismissed as legally frivolous and malicious.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the third amended Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  12th  day of     August    , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court